UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-mc-00160-FDW-DSC

| | |
|---|---|
| LPL FINANCIAL, LLC, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>CHARLES CALEB FACKRELL, )<br>)<br>Respondent. )<br>) | ORDER |

THIS MATTER is before the Court on Petitioner's Petition to Compel Compliance and Enforce Subpoena. (Doc. No. 1). Petitioner LPL Financial, LLC ("LPL") has asked the Court for an order compelling Respondent, Charles Caleb Fackrell ("Fackrell") to comply with a subpoena issued by a Financial Industry Regulatory Authority ("FINRA") panel in advance of an arbitration hearing scheduled to begin on November 4, 2019. (Docs. Nos. 1, p. 1, 1-1, p. 82-83). In its petition, LPL stated "[b]ecause FINRA has no jurisdiction to enforce its subpoena for Mr. Fackrell to appear, Mr. Fackrell may 'refuse or neglect to obey the summons,' thereby giving Petitioner the right" to seek an order from the Court requiring compliance. (Doc. No. 1, p. 5, ¶ 20) (quoting 9 U.S.C. § 7).

It is well-established law that an injury-in-fact must exist before a court may adjudicate a dispute. See Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1545 (2016). "[T]he injury-in-fact requirement requires a plaintiff to allege an injury that is both 'concrete *and* particularized.'" Id. (emphasis in original) (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000)). In addition to being concrete and particularized, an injury must be "actual or imminent, not conjectural or hypothetical." Laidlaw, 528 U.S. at 180. Moreover,

"[r]ipeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . . The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction . . . ." Nat'l Park Hosp. Ass'n v. Dep't of the Interior, 538 U.S. 803, 807-08 (2003) (quotations omitted). In determining whether a matter is ripe for judicial review, a court must "evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." Id. at 808.

Here, LPL has asked the Court to weigh in because it speculates that Mr. Fackrell *may* refuse to obey the summons issued by the FINRA Arbitration Panel. (Doc. No. 1, p. 5, ¶ 20). Apart from claiming that FINRA has no jurisdiction to enforce its subpoena for Mr. Fackrell, LPL provides no other evidence that the subpoena will not be obeyed. This speculation fails to give rise to a "concrete" injury required by Article III and articulated in Spokeo. In determining to withhold ruling on the petition, the Court finds the issue (whether to issue an order requiring compliance with the subpoena) is not fit for judicial decision precisely because any noncompliance at this point is speculative; Fackrell may yet comply. Additionally, the hardship to LPL in not deciding this case is minimal because LPL is free to petition the Court again if Fackrell ultimately refuses to comply.

Accordingly, LPL's Petition to Compel Compliance and Enforce Subpoena (Doc. No. 1) is DENIED WITHOUT PREJUDICE. LPL is free to raise these and other arguments again before the Court should Fackrell ultimately not comply with the subpoena.

IT IS SO ORDERED.

Signed: October 25, 2019

Frank D. Whitney
Chief United States District Judge